UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES :
:
      - v. - :   22-cv-10628 (JPC)
:
SUTHA TAYLOR, :   20 Cr. 673 (JPC)
:
      Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER**
**(INFORMED CONSENT)**

WHEREAS Defendant Sutha Taylor has filed a motion (the "Motion") pursuant to 28 U.S.C. § 2255 on the grounds that his former counsel, John Burke, Esq., provided ineffective assistance of counsel in connection with the defendant's direct appeal;

WHEREAS the Government, after reviewing the Motion, has concluded that Mr. Burke's testimony will be needed in order to allow the Government to respond to the Motion;

WHEREAS the Court, after reviewing the Motion, is satisfied that Mr. Burke's testimony is needed in order to allow the Government to fully respond to the Motion;

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Mr. Burke from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*; and

WHEREAS by making the Motion, the defendant has waived as a matter of law the attorney-client privilege with respect to the issues necessary to resolve the Motion;

IT IS HEREBY ORDERED that Mr. Burke shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by the defendant; and it is further

ORDERED that the defendant execute and return to this Court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the defendant does not return the form bearing his name to the Court within 60 days from today's date, the Court will deny his § 2255 motion on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the Motion; and it is further

ORDERED that the Government shall file an answer or other pleadings in response to the Motion within 30 days of the date that Mr. Burke's affidavit is made available to the Government.

Dated: New York, New York
        February 23, 2023

_____
HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :

  UNITED STATES                                  :

             - v. -                             :      20 Cr. 673 (JPC)

  SUTHA TAYLOR,                                 :

      Defendant.                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## Attorney-Client Privilege Waiver (Informed Consent)

**To: Defendant Sutha Taylor (Reg. No. 19636-509):**

      You have made a motion on the ground that you received ineffective assistance from your former lawyer, John Burke, Esq.  The Court has reviewed your papers and determined that it needs your former attorney's testimony in order to evaluate your motion.

      By making this motion, you have waived the attorney-client privilege you had with Mr. Burke to the extent relevant to determining your motion. This means that if you wish to press your motion, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an order directing Mr. Burke to provide an affidavit to the Government, which will then be filed with the Court.  Additionally, the Government may discuss with Mr. Burke communications between him and you regarding your criminal case and subsequent appeal, consistent with your waiver of the attorney-client privilege by making your motion.  This Informed Consent form is designed to ensure that you fully understand and agree to this.

      If you wish to proceed with your motion, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorney to disclose confidential communications: (1) in response to a Court order; and (2) to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

      You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorney to testify in this matter.

1

You must return this form, signed by you, within 60 days of the date of the accompanying Order. If the Court does not receive this form, signed by you, within that time, the Court will automatically deny your motion.

## **AUTHORIZATION**

I have read the Court's Order dated February ___, 2022 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, John Burke, Esq., to testify in this matter pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____
Sutha Taylor