UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA                                                :
                                                                        :
       -v-                                                              :
                                                                        :      20 Cr. 673 (JPC)
SUTHA TAYLOR,                                                           :      22 Civ. 10628 (JPC)
                                                                        :
                              Defendant.                                :      ORDER
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On February 28, 2022, Defendant Sutha Taylor was sentenced, following his guilty plea for conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, to serve a term of imprisonment of 121 months, followed by a three-year term of supervised release, and was ordered to pay forfeiture in the amount of $1,500 and a $100 special assessment. Dkts. 79, 82.[1]  At his guilty plea hearing on October 6, 2021, Taylor acknowledged under oath that, pursuant to his plea agreement with the United States of America, he agreed to an advisory range under the U.S. Sentencing Guidelines of 121 months to 151 months in prison, and that he further waived his right to appeal or otherwise try to challenge a sentence of 151 months in prison or less. Dkt. 55 at 3:11-17, 18:11-20:1.

Taylor filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel on December 12, 2022. Dkt. 101; *see Taylor v. United States*, No. 22 Civ. 10628 (JPC) (S.D.N.Y.). In the motion, Taylor contends that he instructed his attorney to file a direct appeal, but his attorney failed to do so. Dkt. 101 at 4. Because Taylor's attorney's testimony is necessary for the Government to respond to the motion, on February 23, 2023, the Court ordered Taylor to execute and return an attorney-client privilege

---

[1] Unless otherwise noted, all citations to the docket refer to the docket at 22 Cr. 673.

waiver by April 24, 2023 and notified him that failure to do so would result in the denial of his motion. Dkt. 104. On May 19, 2023, the Court granted Taylor a *sua sponte* extension of time to return the waiver until June 2, 2023, warning Taylor again that if he failed to do so the Court would deny his motion. Dkt. 108. Taylor has not returned the waiver.

Therefore, the Court denies his motion without prejudice. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 108 in case number 20 Cr. 673 and to close the case at 22 Civ. 10628.

SO ORDERED.

Dated: July 27, 2023
New York, New York

JOHN P. CRONAN
United States District Judge